UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20428-CR-WILLIAMS/MCALILEY

UNITED STATES OF AMERICA

vs.

JULIANNA CLARE STROUT,

        Defendant.
_____/

## FACTUAL PROFFER

The United States of America and JULIANNA CLARE STROUT hereby stipulate and agree that, had this matter proceeded to trial, the United States would have proven beyond a reasonable doubt the following facts pertaining to violations of Title 18, United States Code, Sections 1036(a)(1) and (b)(2).

The Krome Service Processing Center ("Krome") is located in Miami-Dade County, Florida, and is real property belonging to the United States. Krome is a secure government facility.

STROUT is in a romantic relationship with Individual 1 and has been since at least as early as July 2021. In mid-October 2021, Individual 1 was being held in immigration detention at Krome.

Department of Homeland Security, US Immigration and Customs Enforcement (ICE) policies govern visitation of detainees at Krome. By mid-October 2021, due to the COVID-19 pandemic, ICE had temporarily suspended social visits to Krome. Legal visits, however, were permitted. Employees of law firms, such as paralegals, could visit Krome only after following certain visitation request procedures which required, *inter alia*, the submission of a letter, on the



letterhead of the lawyer or law firm for whom the paralegal worked, containing the paralegal's identifying information. ICE Deportation Officers and federally-contracted Krome Detention Officers implement the Krome visitation policies and screen and process visitors for entry into Krome.

In mid-October, STROUT contacted Attorney 1 at Law Firm 1 to inquire about representation in immigration court for Individual 1, who was being held at Krome. On or about October 15, 2021, Attorney 1 sent STROUT, via email, a letter and fee quote on Law Firm 1's letterhead.

On or about October 18, 2021, STROUT sent ICE an email stating, "Please see attached. Requesting for visitation." The email attached a letter entitled, "Request for Visitation." The Request for Visitation letter was on Law Firm 1's letterhead; contained STROUT's name, date of birth, social security number, and driver license photo; and referenced Individual 1's case. STROUT had created the Request for Visitation letter using Law Firm 1's letterhead. Law Firm did not authorize STROUT to use Law Firm 1's letterhead. STROUT's visitation request was approved on October 22, 2021, and ICE sent her a corresponding Visitation Approval letter that same day.

On three separate occasions—October 18, 20, and 22, 2021—STROUT used the Request for Visitation letter and/or fraudulently-procured Visitation Approval letter to enter or attempt to enter Krome. STROUT represented to Krome Detention Officers and ICE Deportation Officers that she was a paralegal who worked for Law Firm 1, and she needed to visit Individual 1 to deliver legal documents or have legal documents signed. In fact, neither Law Firm 1 nor Attorney 1 authorized STROUT to go to Krome on Law Firm 1's or Attorney 1's behalf, and STROUT has never worked for Law Firm 1 or Attorney 1 in any capacity.



On or about October 18, 2021, STROUT arrived at Krome to visit Individual 1. She presented her Request for Visitation letter and represented to Krome Detention Officers that she was a paralegal for Law Firm 1. Krome Detention Officers initially denied her entry because she did not have a Visitation Approval letter. STROUT then explained that she was a public elected official, presented her North Bay Village Commissioner badge (STROUT has served as a North Bay Village Commissioner since November 2018, and her term expires in November 2022), and asked to enter Krome on that basis. The matter was then escalated to an ICE Supervisory Deportation Officer. STROUT told the ICE Supervisory Deportation Officer that she was a paralegal. Believing that STROUT was an employee of Law Firm 1, and to permit Individual 1 access to legal representation and maintain cordial relations with Florida public officials, the ICE Supervisory Deportation Officer permitted STROUT a limited duration legal visit as a paralegal for the sole purpose of having legal documents signed by Individual 1. STROUT met with Individual 1. Individual 1 asked Krome Detention Officers to end the meeting. Individual 1 subsequently told ICE Supervisory Deportation Officers that he and STROUT had been in a romantic relationship, and he did not want to see her.

On or about October 20, 2021, STROUT arrived at Krome to visit Individual 1. STROUT presented her Request for Visitation letter and represented to Krome Detention Officers and ICE Supervisory Deportation Officers that she was a paralegal for Law Firm 1. ICE denied STROUT's request to visit Individual 1 on October 20, 2021.

On or about October 22, 2021, STROUT arrived at Krome to visit Individual 1. STROUT presented the Visitation Approval letter and represented to Krome Detention Officers and ICE Supervisory Deportation Officers that she was a paralegal for Law Firm 1. STROUT was advised by an ICE Supervisory Deportation Officer that he had contacted Attorney 1 at Law

Firm 1, and Attorney 1 stated that STROUT was not employed by Attorney 1 or Law Firm 1. STROUT maintained that she worked for Attorney 1. ICE denied STROUT's request to visit Individual 1 on October 22, 2021.

On or about November 2, 2021, STROUT arrived at Krome to attend an immigration court proceeding for Individual 1. STROUT identified herself as Individual 1's wife. STROUT was denied entry because she had previously tried to enter Krome under fraud and false pretenses.

STROUT agrees that, on or about October 18, 20, and 22, 2021, she knowingly used fraud and false pretenses to enter and attempt to enter any real property belonging in whole and in part to, and leased by, the United States, that is, the Krome North Service Processing Center, in violation of Title 18, United States Code, Sections 1036(a)(1) and (b)(2).

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 10/26/2022    By: _____
DAYA NATHAN
ASSISTANT UNITED STATES ATTORNEY

Date: 10/26/2022    By: _____
ALEXA KLEIN
ATTORNEY FOR DEFENDANT

Date: 10-25-22    By: _____
JULIANNA CLARE STROUT
DEFENDANT