UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20428-CR-WILLIAMS/MCALILEY

UNITED STATES OF AMERICA

vs.

JULIANNA CLARE STROUT,

      Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Julianna Clare Strout ("Defendant") enter into the following agreement:

    1.    Defendant agrees to plead guilty to the Counts 1, 2, and 3 of the Information, which Counts charge Defendant with entry by false pretenses to any real property of the United States, in violation of Title 18, United States Code, Sections 1036(a)(1) and (b)(2).

    2.    Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (the "Sentencing Guidelines"). Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court. Defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines advisory range. Knowing these facts, Defendant understands and acknowledges that the Court has the authority to impose any sentence within and



up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that Defendant may not withdraw the plea solely as a result of the sentence imposed.

3. Defendant understands and acknowledges that, as to each Count of the Information, the Court may impose a statutory maximum term of imprisonment of up to 6 months, followed by a term of supervised release of up to 1 year. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $5,000 per Count.

4. Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $10 per Count will be imposed on Defendant. Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If Defendant is financially unable to pay the special assessment, Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for Defendant's failure to pay.

5. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the Sentencing Guidelines level applicable to Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility. This Office, however, will not be required to make this motion and these recommendations if Defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to the government after to entering into this plea agreement; or (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.



6. This Office and Defendant agree that, although not binding on the Court, they will jointly recommend that the Court make the following findings and conclusions as to the calculation of the Sentencing Guidelines:

<u>Group 1: October 18, 2021 Conduct</u>
  a. Under Section 2B2.3(a), the base offense level is 4.
  b. Under Section 2B2.3(b)(1)(A)(i), 2 levels will be added because the trespass occurred at a secure government facility.
  c. The adjusted offense level for Group 1 is 6.

<u>Group 2: October 20, 2021 Conduct</u>
  a. Under Section 2B2.3(a), the base offense level is 4.
  b. Under Section 2B2.3(b)(1)(A)(i), 2 levels will be added because the trespass occurred at a secure government facility.
  c. The adjusted offense level for Group 2 is 6.

<u>Group 3: October 22, 2021 Conduct</u>
  a. Under Section 2B2.3(a), the base offense level is 4.
  b. Under Section 2B2.3(b)(1)(A)(i), 2 levels will be added because the trespass occurred at a secure government facility.
  c. The adjusted offense level for Group 3 is 6.

<u>Multiple Count Adjustment</u>
Applying Section 3D1.4, the combined adjusted offense level is 9.

<u>Acceptance of Responsibility</u>
Subject to paragraph 5 of this plea agreement, the offense level is decreased by 2 levels under Section 3E1.1(a).

<u>Total Offense Level</u>
The total offense level is 7.

<u>Fine</u>
Under Section 5E1.2, the fine range for this offense is $1,000 to $9,500.

<u>Sentencing Guidelines</u>
The parties agree that Defendant has a criminal history category of I. Based upon a total offense level of 7 and a criminal history category of I, the guideline imprisonment range is 0 to 6 months.

7. The parties agree that they will jointly recommend a sentence of one year probation, 50 hours of community service, and a fine of up to $1,000, should the Court determine that Defendant is able to pay a fine.



8.  Defendant is aware that the sentence has not yet been determined by the Court. Defendant also is aware that any estimate of the probable sentencing range or sentence that Defendant may receive, whether that estimate comes from Defendant's attorney or this Office, is a prediction, not a promise, and is not binding on this Office or the Court. Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. Defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that Defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by Defendant, this Office, or a recommendation made jointly by Defendant and this Office.

9.  This Office agrees that it will not further prosecute the Defendant for the events and conduct outlined in the Factual Proffer.

10. Defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, Defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United

States appeals Defendant's sentence pursuant to Sections 3742(b) and 1291, Defendant shall be released from the above waiver of her right to appeal her sentence.

Defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which Defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

By signing this agreement, Defendant acknowledges that Defendant has discussed the appeal waiver set forth in this agreement with Defendant's attorney. Defendant further agrees, together with this Office, to request that the Court enter a specific finding that Defendant's waiver of her right to appeal the sentence imposed in this case and her right to appeal her conviction in the manner described above was knowing and voluntary.

11.  This is the entire agreement and understanding between this Office and Defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 10/26/2022     By: _____
DAYA NATHAN
ASSISTANT UNITED STATES ATTORNEY

Date: 10/26/2022     By: _____
ALEXA KLEIN
ATTORNEY FOR DEFENDANT

Date: 10-25-22     By: _____
JULIANNA CLARE STROUT
DEFENDANT

